UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| COREY DAY, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SUPT. J. WRIGLEY, )<br>)<br>Respondent. ) | No. 1:08-cv-1483-DFH-JMS |

**Entry Discussing Petition for Writ of Habeas Corpus**

A rule at the New Castle Correctional Facility, a prison where habeas corpus petitioner Corey Day ("Day") is confined, prohibits inmates from using or possessing "more than one (1) cigarette, any tobacco, tobacco associated products or unauthorized substitute products." In a proceeding identified as No. NCF 08-07-0260, it was determined that Day had violated this rule. Contending that the proceeding is constitutionally infirm, Day challenges it in this action.

Day is entitled to the writ he seeks only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Day has failed to make the required showing, his petition for a writ of habeas corpus must be **denied.** This conclusion is based on the following facts and circumstances:

1.    On July 28, 2008, a conduct board found Day guilty in No. NCF 07-07-0146 of violating prison rules through his possession of tobacco.

2.    A federal court may issue a writ of habeas corpus such as Day seeks only if it finds him "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. See *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff,* 418 U.S. at 564, 566, 570-71; *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

3. "The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Day received all the process to which he was entitled. That is, the charges were clear, adequate notice was given, and the evidence was sufficient. In addition, and in each case, (1) Day was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued written reasons for its decision. As to the sufficiency of the evidence, the conduct board could reasonably have found that during the morning of July 14, 2008, an inventory conducted of Day's property revealed a baggie containing 53 individually wrapped napkins with tobacco in them located in Day's socks.

4. Day's claims that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This account, which is recited in the conduct report, is sufficient to satisfy *Hill's* standard of "some evidence." See *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented"). It is of no moment, for purposes of federal habeas review, that Day disputed his guilt. *Wolff,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). The evidence here was constitutionally sufficient–the substances found were contraband, the substances were found in Day's sock, located in Day's laundry bag, located on Day's bed. Even disavowing *ownership* of the tobacco is not exculpatory, for the offense consisted in *using or possessing* tobacco.

5. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Day to the relief he seeks. Accordingly, Day's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: June 10, 2009